UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADCARE HOSPITAL OF WORCESTER, INC., *et al.*, </br></br> Plaintiffs, </br></br> v. </br></br> XAVIER BECERRA,[1] Secretary of Health and Human Services, </br></br> Defendant. | Case No.: 10-cv-2009 (ABJ) |

**JOINT STATUS REPORT**

1.  On November 5, 2019, the Court issued an order staying this case until 30 days after a final, non-appealable decision, settlement, or other final disposition in *Albert Einstein Medical Center v. Azar*, Case No. 17-cv-1134 *et al*. (D.D.C.). On January 19, 2021 the Court granted Defendant's motion for voluntary remand of *Albert Einstein* to Defendant's agency. For the reasons discussed below, the parties request that the Court continue to stay this case pending the publication in the Federal Register of a new final rule on Medicare Part C days in the Medicare disproportionate share hospital ("DSH") payment adjustment.

**Plaintiffs' Statement of Procedural History and Request to Continue Stay**

2.  The plaintiff hospitals initiated this action for judicial review of an agency ruling, referred to as CMS Ruling 1498-R.[2] The Ruling directed Defendant's administrative review board to remand pending appeals challenging Defendant's calculation of a low-income patient utilization

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Becerra is substituted as Defendant in his official capacity as Secretary of Health and Human Services.

[2] https://www.cms.gov/Regulations-and-Guidance/Guidance/Rulings/Downloads/CMS1498R.pdf

ratio, called the Medicare part A/SSI fraction, that is used to determine the Medicare DSH payments to the hospitals for services provided to low-income patients. Ruling 1498-R purported to acquiesce in, and provide for correction of, the errors in Defendant's calculation of the part A/SSI fraction that were identified in this Court's ruling in *Baystate Medical Center v. Leavitt*, 545 F. Supp. 2d 20, *amended by* 587 F. Supp. 2d 37 (D.D.C. 2008). The Ruling directed Defendant's administrative review board to remand all pending appeals challenging the Defendant's determination of the part A/SSI fraction; and, it further directed revised calculations of the part A/SSI fraction in the new DSH payment redeterminations applying the policy on Part C days in the DSH calculation that was reflected in the rule vacated in *Allina Health Services v. Sebelius,* 746 F.3d 1102 (D.C. Cir. 2014) ("*Allina I*").

       3.      Shortly after the Court of Appeals affirmed the vacatur of the 2004 rule in *Allina I* based on a logical outgrowth failure, *id*. at 1107-09, Defendant published Medicare part A/SSI fractions for Federal fiscal year 2012 applying the same part C days payment standard reflected in the 2004 rule vacated in *Allina I*. That action was challenged in *Allina Health Services v. Azar*, Case No. 14-cv-1415 (D.D.C. Aug. 19, 2014) ("*Allina II*").

       4.      Yet later, Defendant issued a further decision on remand under the Court's decision in *Allina I*, once again applying the same policy that was adopted in the vacated 2004 rule. The hospitals in that case then filed a new action challenging the remand decision in *Allina Health System v. Azar*, Case No. 16-cv-150 (D.D.C. Jan. 29, 2016) ("*Allina III*").

       5.      While both *Allina II* and *Allina III* were pending before this Court, the parties in the instant case were engaged in settlement discussions to resolve this case and many other similarly situated cases involving Ruling 1498-R. Defendant and most of the hospitals involved in those cases resolved the vast majority of the challenges to the Ruling for periods before the 2004

rule on the treatment of part C days in the DSH payment calculation. While the parties in this case were able to resolve and dismiss most of the Plaintiff hospitals' claims for fiscal years before 2004, they were unable to reach an agreement as to the application of Ruling 1498-R to fiscal years occurring after the now-vacated 2004 rule on part C days. The parties in this case, therefore, requested to stay the remaining claims in this action pending a final, non-appealable decision on the merits of the dispute in either *Allina II* or *Allina III*, either of which could substantially narrow, if not resolve, the remaining issues in dispute here. *See Alegent Health – Bergan Mercy Health System v. Burwell*, Case No. 10-cv-1354 (D.D.C. July 14, 2016), ECF No. 94.

6. By order dated July 15, 2016, the Court stayed proceedings in this case until 45 days after the final outcome in either *Allina II* or *Allina III*. ECF No. 21.

7. On July 25, 2017, the Court of Appeals issued a decision in favor of the plaintiff hospitals in *Allina II*, 863 F.3d 937 (D.C. Cir.). In its decision, the Court of Appeals found that the Secretary was required to undertake notice-and-comment rulemaking before readopting his 2004 policy of including part C days in the calculation of the Medicare part A/SSI fraction and excluding part C days from the numerator of the Medicaid fraction used to calculate the Medicare disproportionate share hospital payment. *Id.* at 942-45.

8. On June 3, 2019, the Supreme Court affirmed the Court of Appeals' decision in *Allina II*. *See Azar v. Allina Health Services*, 139 S. Ct. 1804 (2019). The Supreme Court held that the Secretary's attempted readoption of the 2004 part C days policy was at least a statement of policy that changed or established a substantive legal standard governing payment for services, thus requiring notice and comment rulemaking under section 1395hh(a)(2) of the Medicare statute. *Id.* at 1810-14. In addition, the Supreme Court's decision did not disturb the Court of Appeals' ruling that the readopted 2004 policy is invalid under 42 U.S.C. § 1395hh(a)(4) because Defendant

failed to engage in notice-and-comment rulemaking and further the policy cannot "take effect" under the terms of the statute until after proper notice and comment rulemaking. *Allina II* at 1816.

9. While the *Allina II* litigation was ongoing, some of the Plaintiff hospitals in this case initiated a separate action for judicial review of final payment determinations that applied the part C days policy in DSH payment calculations for their 2005 and 2006 cost reporting periods, which comprise part (but not all) of the hospital cost reporting periods at issue in this case. *See Albert Einstein Medical Center v. Azar*, Case No. 17-cv-1134 *et al*. (D.D.C.). Because the parties believed the outcome in *Albert Einstein* may impact further proceedings in this case, on July 18, 2019 the parties requested the present action be stayed pending a final, non-appealable decision, settlement or other final disposition of *Albert Einstein*. Joint Status Report (July 18, 2019), ECF No. 27. The Court granted that motion and stayed this case by Minute Order dated November 5, 2019.

10. On November 4, 2019, the Court granted Defendant's request to consolidate *Albert Einstein* and dozens of other cases addressing the part C policy into the consolidated action called *In re Allina II-Type DSH Adjustment Cases*, Case No. 19-mc-190. On January 19, 2021 the Court granted Defendant's motion to remand to the agency claims related to the core *Allina II* issue in the consolidated cases, including *Albert Einstein*. Order, *In re Allina II-Type DSH Adjustment Cases*, Case No. 19-mc-190 (D.D.C. Jan. 19, 2021), ECF No. 74.

11. Meanwhile, following the Supreme Court's decision in *Allina II*, on August 6, 2020, Defendant published in the Federal Register a notice of proposed rulemaking entitled "Treatment of Medicare Part C Days in the Calculation of a Hospital's Medicare Disproportionate Patient Percentage." 85 Fed. Reg. 47,723. In this rulemaking, Defendant announced a proposal to adopt retroactively for periods prior to October 1, 2013 the same Part C policy change from the

publications vacated in *Allina I* and *Allina II*. *Id*. Comments on the proposed rule were due October 5, 2020 and the final rule has not yet been finalized.

12. At this juncture, in the interest of conserving the resources and energies of the Court and the parties, the parties respectfully request that this case continue to be stayed pending the publication in the Federal Register of a new final rule on Medicare Part C days in the Medicare DSH payment adjustment. While Plaintiffs were hopeful that the resolution of *Albert Einstein*, as part of the In re *Allina II* consolidation, would resolve this dispute between the parties, it now appears that no resolution is possible at least until the agency issues its new rule. The parties propose to file a joint status report 30 days after the publication of that final rule in the Federal Register.

### Defendant's Position

Defendant disagrees with many of the statements and characterizations contained in Plaintiffs' statement above. For example, Defendant does not agree that a joint status report is due at this juncture. The previous Minute Order issued by the Court contemplated a final disposition of the *Albert Einstein* case, which, as noted above, was remanded to the Secretary for further proceedings. Thus, those hospitals and their relevant fiscal years remain pending before the Secretary, with additional administrative and judicial appeal rights to follow.

However, Defendant will not burden the Court with a competing recitation of the procedural history, since Defendant agrees that the requested stay is appropriate. Accordingly, Defendant joins Plaintiffs' request that this case continue to be stayed pending publication in the Federal Register of a new final rule on Medicare Part C days in the Medicare disproportionate share hospital payment adjustment.

A proposed order is attached.

Respectfully submitted,

By: /s/ Stephanie Ann Webster
Stephanie A. Webster
D.C. Bar No. 479524
James H. Richards
D.C. Bar No. 469524
Alex J. Talley
D.C. Bar No. 1020488
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006-6807
Telephone: (202) 508-4859
Fax: (202) 383-9334
Email: Stephanie.Webster@ropesgray.com

*Counsel for Plaintiffs*

CHANNING D. PHILLIPS
Acting United States Attorney
 D.C. Bar No. 415793

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ Johnny Walker
JOHNNY H. WALKER
Assistant United States Attorney
 D.C. Bar No. 991325
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-2575 (phone)
(202) 252-2599 (fax)
E-mail: johnny.walker@usdoj.gov

OF COUNSEL:

DANIEL J. BARRY
Acting General Counsel
JANICE L. HOFFMAN
Associate General Counsel
SUSAN MAXSON LYONS
Deputy Associate General
Counsel for Litigation

ROBERT W. BALDERSTON
Attorney
Department of Health and Human Services

*Counsel for Defendant*

Dated:  April 19, 2021